**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **FESTUS OLUSHOLA OMOTOYO,** | ) | |
| **#75887824,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-2093-P** |
| | ) | **ECF** |
| **MICHAEL CHERTOFF, Secretary,** | ) | |
| **Department of Homeland Security,** | ) | |
| **Respondent.** | ) | |


**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in

implementation thereof, the subject cause has been referred to the United States Magistrate

Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a petition for habeas corpus relief filed by a detainee of the Bureau

of Immigration and Customs Enforcement (ICE) pursuant to 28 U.S.C. § 2241, et seq.

Parties:  At the time of filing this action, Petitioner was incarcerated at the Rolling Plains

Detention Center in Haskell, Texas.  Respondent is the Secretary of the Department of

Homeland Security.  The Court issued process in this case.

Statement of Case:  On October 24, 2005, Petitioner filed this habeas corpus action

challenging his detention pending removal pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001).

On February 8, 2006, Respondent filed a supplemental response, advising that on January

25, 2006, ICE obtained a temporary travel document from the Nigerian Consulate in Atlanta,

Georgia, and that on the same day it effected Petitioner's removal to Nigeria.

Findings and Conclusions:  Petitioner's removal from the United States requires the Court

to examine whether it has jurisdiction over the instant action.  See Fed. R. Civ. P. 12(h)(3)

(stating that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks

jurisdiction of the subject matter, the court shall dismiss the action").

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court

jurisdiction, to 'Cases' and 'Controversies.' "  United States Parole Comm'n v. Geraghty, 445 U.S.

388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the

parties lack a legally cognizable interest in the outcome."  Id. at 396 (quoting Powell v.

McCormack, 395 U.S. 486, 496 (1969)).  When a petitioner does not attack the validity of his

conviction, but merely contests the imposition and duration of his confinement, the case becomes

moot when he is no longer confined.  Lane v. Williams, 455 U.S. 624, 631 (1982).  "If a dispute

has been resolved or if it has evanesced because of changed circumstances, including the passage

of time, it is considered moot."  American Med. Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir.1988).

The only relief sought in this matter was release from custody pending removal.  Since

Petitioner was removed from the United States, his ground for relief is now moot and this Court

lacks jurisdiction to consider his petition.

2

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be dismissed for want of jurisdiction the same being moot.

It is further recommended that Respondent's initial motion to dismiss, filed on January 11, 2006 (docket #15) be denied as moot.

A copy of this recommendation shall be mailed to Petitioner and counsel for Respondent.

Signed this 22nd day of February, 2006.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE


NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.